UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAMIEN RUTLEDGE,

              Petitioner,

v.

UNITED STATES OF AMERICA,

              Defendant.
_____

**ORDER**

6:18-cr-06048 EAW
6:23-cv-06430 EAW

Petitioner Damien Rutledge ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed pursuant to a plea agreement. (Dkt. 58).[1] Petitioner argues that his conviction for aiding and abetting the possession of a firearm in furtherance of a crime of violence involving a discharge under 18 U.S.C. §924(c)(1)(A)(iii) is invalid pursuant to the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). The Court has reviewed the papers submitted by Petitioner and the government and has determined that additional briefing is required before Petitioner's § 2255 motion can be resolved. The Court orders additional briefing on the three issues set forth below.

---

[1] All references to the docket in the instant Decision and Order are to the docket in Criminal Action No. 6:18-cr-06048 EAW.

I.  Whether Petitioner is "actually innocent," such that his procedural default can be excused

"In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id*.

"A petitioner is 'actually innocent' when convicted of 'a non-existent crime.'" *Braden v. United States*, No. 3-21-CV-0818, 2022 WL 4370994, at *3 (M.D. Tenn. Sept. 20, 2022) (quoting *Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022)). "[C]ourts have agreed that defendants whose § 924(c) convictions are predicated on non-violent offenses are 'actually innocent,' and not procedurally barred from bringing § 2255 motions[.]" *Hartsfield v. United States*, 629 F. Supp. 3d 1240, 1250 (S.D. Fla. 2022), *on reconsideration on other grounds*, No. 07-CR-20584-RAR-5, 2022 WL 21770708 (S.D. Fla. Oct. 21, 2022).

In its opposition to Petitioner's § 2255 motion, the government does not appear to contest that Petitioner is actually innocent of the § 924(c)(1)(A)(iii) charge on which he was convicted. Instead, the government argues that "Petitioner cannot establish that he is actually innocent of the four foregone § 924(c) charges that would be predicated on Counts 1, 2, 3 and 4 of the Information, all of which are completed Hobbs Act robberies, and which remain a valid predicate under § 924(c)." (Dkt. 62 at 7). But for the reasons set forth below, it is not clear that Petitioner must establish actual innocence of the other potential § 924(c) charges because those charges did not involve discharge of a weapon.

"In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "Two brief Second Circuit summary orders issued on the same day by the same panel—*Kinley v. Artus*, 571 F. App'x 30, 31 (2d Cir. 2014) (summary order) and *Lyons v. LaClaire*, 571 F. App'x 34, 35 (2d Cir. 2014) (summary order)—broadened the holding in *Bousley* by citing that case for the proposition that actual innocence must extend not only to charges that are 'more serious' than the charges 'forgone in the course of plea bargaining,' 523 U.S. at 624, 118 S. Ct. 1604, but also to 'charges that are *equally* or more serious.'" *United States v. Godfrey*, 616 F. Supp. 3d 267, 277 (S.D.N.Y. 2022). At least one court in this Circuit has declined to follow these statements from *Kinley* and *Lyons*, explaining that both were non-precedential summary orders and that the statements about equal seriousness were dicta because "neither summary order involves a factual situation in which the charges that were withdrawn pursuant to a plea agreement were 'equally . . . serious.'" *Godfrey*, 616 F. Supp. 3d at 277 (alteration in original and concluding that the petitioner "need not show actual innocence of any equally serious or less serious charges that the government agreed to not further prosecute pursuant to the plea agreement but need show only that he is actually innocent of any more serious charges dropped pursuant to the plea agreement").

Courts have also reached different conclusions about how "seriousness" should be measured in this context. *See Smith v. Martinez,* No. 5:22-CV-01470 MWF JDE, 2023 WL 2529757, at *5-6 (C.D. Cal. Feb. 22, 2023) (explaining that "the Supreme Court has not explained how courts should determine seriousness for this purpose" and analyzing the

different approaches that courts have taken to comparing seriousness), *adopted*, 2023 WL 2529537 (C.D. Cal. Mar. 15, 2023).

In his reply, Petitioner solely addressed cause and prejudice and did not address the government's arguments about actual innocence. The Court accordingly has no information regarding his position on these issues and requires further briefing from both parties on these issues.

II. The scope of Petitioner's collateral attack waiver

Petitioner argues in reply that the collateral attack waiver in his plea agreement does not encompass the instant § 2255 motion, because: (1) he "did not specifically waive his rights under § 2255"; and (2) "only waived his right to challenge the sentence" and "did not waive his right to challenge the conviction." (Dkt. 65 at ¶ 15). Because these arguments were made in reply, the government has not had an opportunity to respond to them. Nor has Petitioner cited any cases in which a court has agreed with either of these contentions.

In its own research, the Court has determined that at least three courts of appeals have held that "a defendant is not barred from challenging his conviction if he waives only his right to challenge his sentence." *United States v. Loumoli*, 13 F.4th 1006, 1009 (10th Cir. 2021) (citing *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006) ("A defendant's waiver of his right to appeal a sentence is just that: it does not also constitute a waiver of his right to challenge a conviction.") and *United States v. Spear*, 753 F.3d 964, 970 (9th Cir. 2014) ("[A] defendant's knowing and voluntary waiver of his right to appeal his sentence does not inherently encompass a knowing and voluntary waiver of his right to

appeal his conviction.")).  At least one court of appeals has reached the opposite conclusion.  *See Rudolph v. United States*, 92 F.4th 1038, 1043 (11th Cir. 2024) ("The text of 28 U.S.C. § 2255, the history of that same statute, and the habeas corpus right that it codified, all point in the same direction: § 2255 is a vehicle for attacking sentences, not convictions.").  The Second Circuit does not appear to have decided this issue.

Petitioner's motion papers also specifically request that the Court vacate "his <u>sentence</u> for Count Six[.]"  (Dkt. 58 at 2 (emphasis added); *see also id*. at 3 ("[Petitioner] moves this Court to vacate his conviction as to Count Six and the related 120-month sentence of imprisonment.")).  Petitioner has not addressed how these statements align with his argument that he is not collaterally attacking his sentence.

The Court requires additional briefing on these issues, including specifically the government's response to Petitioner's contentions.

    III.    <u>The appropriate remedy should the Court find relief warranted</u>

Petitioner without explanation or citation to any authority asserts that the Court should "vacate his sentence on Count Six – 120 months of imprisonment – leaving undisturbed his remaining sentence of incarceration on the remaining counts."  (Dkt. 58 at 3).  The government has not responded to this aspect of Petitioner's motion.

It is not clear to the Court that the appropriate remedy, should it agree with Petitioner that his § 924(c) conviction cannot stand, is vacatur of only that count of conviction.  Further, even if that is the appropriate remedy, vacating Petitioner's § 924(c) conviction would have the effect of undoing the plea agreement to which the parties agreed.  *See United States v. Whidbee*, No. 19-CR-673 (ER), 2023 WL 2713844, at *3 (S.D.N.Y. Mar.

30, 2023) ("[E]ven though Whidbee challenged and the Court vacated only one count of Whidbee's guilty plea, the result is that the entire plea—as initially agreed to by both parties—has been effectively nullified."). The Court requires briefing from the parties on what additional consequences would flow from the nullification of the plea agreement.

It is accordingly hereby ordered that the parties shall submit supplemental briefs of no more than 25 pages on or before <u>August 30, 2024</u>, addressing the three issues set forth above. The parties may, but are not required, to file responses to the other's supplemental brief of no more than 10 pages on or before <u>September 13, 2024</u>.

The Court further directs the government to order the transcript of the plea hearing held in this matter on August 22, 2018. (*See* Dkt. 32).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    July 26, 2024
              Rochester, New York